Taylor v Enterprise FM Trust (2023 NY Slip Op 01270)

Taylor v Enterprise FM Trust

2023 NY Slip Op 01270

Decided on March 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2023

Before: Webber, J.P., Oing, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 156990/16 Appeal No. 17507 Case No. 2022-00383 

[*1]Dequan Taylor, Plaintiff-Respondent,
v
Enterprise FM Trust, Defendant, True World Foods New York LLC et al., Defendants-Appellants.

Gordon Rees Scully Mansukhani, LLP, Harrison (Julia E. Braun of counsel), for appellants.
The Lucciola Law Group, P.C., New York (Gerard A. Lucciola of counsel), for respondent.

Order, Supreme Court, New York County (Lisa S. Headley, J.), entered on or about December 9, 2021, which denied defendants' motion to vacate the note of issue and compel discovery, unanimously affirmed, without costs.
Plaintiff Dequan Taylor commenced this action in August 2016 to recover for injuries to his cervical and lumbar spine allegedly sustained as a result of a motor vehicle accident on December 4, 2015. Plaintiff appeared for deposition on July 6, 2017, provided authorizations for the release of his medical records and no-fault files for automobile accidents that occurred on July 19, 2008, April 20, 2018, and October 18, 2018. On February 24, 2020 the parties entered into a so-ordered stipulation in which they certified that all discovery was complete. Plaintiff filed the note of issue on February 25, 2020.
In July 2020, five months after the filing of the note of issue and after approximately 21 discovery conferences during approximately three and a half years, defendants made an ISO claim search. Based on the information obtained from the ISO search, on July 30, 2020, defendants served a supplemental demand for authorizations. Plaintiff objected to the demand for post-note of issue discovery as untimely on August 3, 2020. On August 7, 2020 defendant moved for summary judgment. On October 5, 2020, defendants moved to vacate the note of issue.
Parties to an action have only 20 days from service of a note of issue to move to vacate it, and the court may vacate the note of issue if it appears that a material fact in the certificate of readiness is incorrect. After the expiration of the 20-day period no such motion shall be allowed except for good cause. Good, cause is established when the party seeking post-note discovery demonstrates unusual or unanticipated circumstances and substantial prejudice (see 22 NYCRR 202.21[e];Arons v Jutkowitz, 9 NY3d 393, 411 [2007]).
Defendants moved to vacate the note of issue seven and a half months after it was filed. The motion to vacate was untimely, and therefore the note of issue could not be vacated without a showing of good cause, which was absent here (22 NYCRR 202.21 [e]). Defendants failed to show any unusual or unanticipated circumstances that would justify vacating the note of issue (see 22 NYCRR 202.21 [d], [e]). The record also shows that defendants did not diligently seek discovery (see Nikqi v Dedona Contr. Corp., 117 AD3d 620, 620 [1st Dept 2014]).
We have considered defendants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2023